UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOMAS ZEPEDA JR.,<br><br>Defendant. | Case No. 23-cr-70037 MAG<br><br>**DETENTION ORDER**<br><br>Hearing: 1/26/2023 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on January 26, 2023, held a hearing to determine detention or release on supervisory conditions for defendant Tomas Zepeda Jr. Zepeda is charged in this case with violating the terms of his supervised release in the District of Kansas case No. 14-cr-10028-001. The defendant appeared at the hearing with his counsel AFPD Varell Fuller, with all parties appearing in person in the courtroom.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the

community. Here, Zepeda did not establish evidence to overcome the burden that he is a flight risk. The Court considered a proposal from Zepeda of a halfway house, with two family members who reside in Hanford as custodians and sureties. The Prosecution and Probation each recommended detention. Ultimately, despite familial support, Zepeda's recent and poor performance while on community supervision (two walkaways and one violation while in residential drug treatment programs in 2022), absconder status in late 2022 after being in contact with Probation and failing to voluntarily return, and a prior failure to appear in Court as reported by Probation, lead the Court to conclude that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance. Consequently, the Court orders the defendant Zepeda to be detained and transported to the District of Kansas in USMS custody. Zepeda waived an identity hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: January 26, 2023

Nathanael M. Cousins
United States Magistrate Judge